1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7  JAMES A. KAY,                           )
                                           )        Case No. 2:11-cv-00421-KJD-PAL
8                         Plaintiff,        )
                                           )        **ORDER**
9  vs.                                     )
                                           )        (Mtn for SC Exception - Dkt. #32)
10 UNITED STATES OF AMERICA,               )
                                           )
11                        Defendant.        )
   _____)

12

13        This matter is before the court on the government's Motion for Relief from Requirement that

14 Individual with Full Settlement Authority Attend the Settlement Conference (Dkt. #32) filed May 1,

15 2012.  The court has considered the Motion.

16        On April 9, 2012, the court entered an Order (Dkt. #31) scheduling this matter for a settlement

17 conference on May 8, 2012. This case involves Plaintiff James A. Kay's attempt to obtain a refund from

18 the Internal Revenue Service in the amount of $170,542.19.  The Motion represents that Department of

19 Justice's ("DOJ") regulations delegate settlement authority for cases arising under the Internal Revenue

20 Code to a limited number of senior officials.  *See* 26 U.S.C. § 7122(a); 28 C.F.R §§ 0.160-0.172.  Based

21 upon Plaintiff's demand in the Complaint (Dkt. #1), the lowest ranking government official with

22 settlement authority is an Assistant Chief in the Western Region Civil Trial Section, of which there are

23 two.  They assist is supervising twenty-eight trial attorneys and ten support staff members based in

24 Washington, D.C., and are responsible for monitoring approximately eight hundred active cases

25 assigned to the Western Region office.  Because of these duties, it is not feasible for them to appear in

26 person at every settlement conference.

27        Therefore, the Tax Division of the DOJ has created a procedure to make settlement conferences

28 as productive as possible without the need for an Assistant Chief's appearance.  The trial attorney

assigned to a matter speaks with a superior officer to determine the range of settlement offers they recommend.  The trial attorney appears at the settlement conference, and the Chief or an Assistant Chief is available telephonically during the conference to deal with any unexpected developments.

The government asserts this procedure is consistent with and supported by Federal Rule of Civil Procedure 16(c) (stating the court may require a party or its representative be present or telephonically available to consider settlement) and the Advisory Committee Notes on the 1993 revisions to Rule 16 ("[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility). Additionally, a House Report on the Judicial Improvements Act of 1990 demonstrates that Congress recognized that "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly the Department cannot realistically send officials with full settlement authority to each settlement conference." H.R. Rep. No. 101-732, 101st Cong., 2d Sess. 16-17.

Finally, 28 U.S.C. §§ 515 through 519 provide that the trial attorney assigned to a case is authorized to represent the United States in the lawsuit and may negotiate a settlement that he or she is willing to recommend to DOJ officials.  In exercising their settlement authority, DOJ officials accord substantial weight to the trial attorney's recommendation regarding settlement because it is based on the trial attorney's knowledge of the strengths and weaknesses of the parties' positions.

Having reviewed and considered the matter, and good cause appearing,

**IT IS ORDERED**:

1.    The government's Motion for Settlement Conference Exception (Dkt. #32) is GRANTED.

2.    The DOJ trial attorney assigned to this matter may appear on behalf of the United States at the May 8, 2012, settlement conference.

3.    A DOJ official with full settlement authority shall be available telephonically throughout the duration of the settlement conference.

Dated this 3rd day of May, 2012.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE